IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEREMY AHLIJAH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-1720 |
| KIRSTJEN NIELSEN, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this administrative procedure action is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Kirstjen Nielsen, L. Francis Cissna, Jeff Sessions, Robert Hur, Barbara Velarde, Michael Paul, and Ronald Vitiello (hereinafter, "Defendants"), in their official government capacities.[1] ECF No. 25. The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' arguments, the Court GRANTS Defendants' Motion to Dismiss, ECF No. 25, and DENIES as moot Ahlijah's motion to appoint counsel, ECF No. 24.

**I.     BACKGROUND**

On June 1, 1986, Plaintiff Jeremy Ahlijah ("Ahlijah"), a citizen and national of Cameroon, entered the United States on an F-1 student visa. ECF No. 5 at 2. In 2004, Ahlijah married a United States citizen, Denette Denise Lawson, and applied for a status adjustment under the Immigration and Nationality Act ("INA"). ECF Nos. 5 at 2 & 30-3 at 2. His request

---

[1] The following Defendants were substituted pursuant to Fed. R. Civ. Pro. 25(d) because they were sued in their official capacities: Kirstjen Nielsen replaced John Kelly as Secretary, Department of Homeland Security; L. Francis Cissna replaced James McCament as Director, United States Citizenship and Immigration Services; Robert Hur replaced Stephen Schenning as United States Attorney for the District of Maryland; Barbara Velarde replaced Ron Rosenberg as Chief, USCIS Administrative Appeals Office; Michael Paul replaced Laura Zuchowski as Director, USCIS Vermont Service Center; and Ronald Vitello replaced Thomas D. Homan as Acting Director, Immigration and Customs Enforcement.

1

was denied. ECF No. 5 at 2. On August 2, 2013, Ahlijah filed a Form I-360 Petition for Amerasian, Widow(er) or Special Immigrant status. ECF No. 5 at 2. Ahlijah filed this petition seeking classification as an abused spouse of an American citizen. ECF No. 25-1 at 4.

Parties filing Form I-360 Petitions bear the burden of proving their eligibility for the benefit. ECF No. 25-1 at 5. While reviewing Ahlijah's petition, United States Citizenship and Immigration Services ("USCIS") discovered that in 2005, Ahlijah pled guilty to fifth degree criminal sexual conduct under Minnesota Statute 609.3451.1. ECF No. 5-2 at 1–2. The USCIS investigation also uncovered five additional arrests in the state of Delaware for offensive touching, assault, and breach of release. ECF No. 25-2 at 2. Considering his criminal history and arrest record, USCIS issued a Request for Evidence ("RFE") to further investigate Ahlijah's conduct. ECF No. 25-1 at 5. Ahlijah complied with the request and turned over additional documentation, including affidavits and criminal history records from South Carolina and Delaware. ECF No. 25-2 at 3.

On June 24, 2014, USCIS denied Ahlijah's I-360 Petition on the grounds that he did not meet the good moral character standard required of a self-petitioner. ECF No. 25-1 at 4–5. USCIS's conclusion was based on findings that Ahlijah's Minnesota conviction was for a crime involving moral turpitude, and his five subsequent arrests were evidence of behavior contrary to that of the average citizen in the community. ECF No. 25-1 at 5–6.

After a string of motions for reconsideration — and subsequent denials — Ahlijah filed his Complaint in this Court on August 2, 2017. ECF No. 5 at 6–7. On September 22, 2017, after reviewing Ahlijah's complaint, USCIS reopened Ahlijah's case. *See* ECF No. 10-1. USCIS again issued an RFE asking Ahlijah to produce more documentation of good moral character. *See generally* ECF No. 10-2. Ahlijah submitted no new evidence. ECF No. 25-1 at 6. On

January 31, 2018, USCIS issued a final decision denying Ahlijah's Form I-360 Petition filed in August 2013. *See* ECF No. 25-2. Removal proceedings are ongoing. ECF No. 25-1. On February 5, 2018, Defendants filed the pending motion to dismiss the Complaint. Also pending is Ahlijah's motion to appoint counsel. For the following reasons, Defendants' motion to dismiss, ECF No. 25, is GRANTED, and Ahlijah's motion to appoint counsel, ECF No. 24, is DENIED as moot.

## II. STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction challenge a court's authority to hear a matter. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). If "a claim fails to allege facts upon which the court may base jurisdiction," the court must dismiss the action for lack of subject-matter jurisdiction. *Davis*, 367 F.Supp.2d at 799 (citation omitted).

When reviewing a plaintiff's standing to pursue an action, the court takes as true all factual allegations in the complaint and makes all reasonable inferences in the plaintiff's favor. *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988); *accord Senior Execs. Ass'n v. United States*, No. 12–cv–2297, 2013 WL 1316333, at *13 (D. Md. Mar. 27, 2013); *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D.Md.2003). Further, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (quotation marks omitted); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). However, "the burden of establishing standing 'lies squarely on the party claiming subject matter jurisdiction.' " *Mirant Potomac River, LLC v. EPA*, 577

F.3d 223, 226 (4th Cir. 2009) (quoting *Frank Krasner Enters. Ltd. v. Montgomery Cnty.*, 401 F.3d 230, 234–35 (4th Cir. 2005)).

### III. DISCUSSION

#### A. Counts I, II, IV

Under the Administrative Procedure Act ("APA"), a federal court may only review final agency actions. 5 U.S.C. § 704. An agency action is final when it is the "consummation of the agency's decisionmaking [sic] process," and when "rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–18 (1997) (internal quotes and citations omitted). By contrast, the Court retains no authority to review non-final actions and must instead dismiss for lack of subject matter jurisdiction. *See Invention Submission Corp. v. Rogan*, 357 F.3d 452, 460 (4th Cir. 2004).

Here, Counts I, II, and IV challenge non-final agency actions and so must be dismissed for lack of subject matter jurisdiction. Count I of the Amended Complaint contests Defendants' denial of a I-360 Petition filed in August 2013 and then denied on June 24, 2014. ECF No. 5 at 4–7. However, the June 2014 denial was not the final agency action in the matter. After Ahlijah filed his initial Complaint, USCIS reopened his case *sua sponte* and issued its final decision on January 31, 2018. ECF No. 25-2.

Ahlijah now argues that USCIS abused its discretion in reopening his case. *See* ECF No. 27-1 at 6. However, 8 C.F.R. § 103.5(a)(5) grants an agency the authority to reopen or reconsider a previously final action on its own accord, and federal courts across the country have consistently held that it is within the agency's power — and often in the party's own interest — to reopen and reconsider previously 'final' agency actions. Federal courts should not interfere in this process absent extraordinary circumstances, such as evidence of affirmative misconduct by

4

the government actor. *See Gao v. Gonzales*, 464 F.3d 728 (7th Cir. 2006) (holding that the BIA did not need judicial permission to reopen a proceeding); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002); *Bhasin v. U.S. Dept. of Homeland Sec.*, 413 Fed. App'x 983, 985 (9th Cir. 2011) (affirming that the court did not have jurisdiction after USCIS vacated its previously final decision and reopened proceedings); *see also Socop-Gonzales v. INS*, 272 F.3d 1176, 1184 (9th Cir. 2000) (en banc) (noting that to establish equitable estoppel, the plaintiff must allege that the government engaged in 'affirmative misconduct' in reopening the I-130 petition); *Utah Life Real Estate Group, LLC v. USCIS (California Service Center)*, 259 F. Supp. 3d 1294, 1297 (D. Ut. 2017) (holding that Immigration Services could reopen proceedings after litigation was filed); *Net–Inspect, LLC v. USCIS*, No. C14-1514JLR, 2015 WL 880956, at *1 (W.D. Wash. Mar. 2, 2015) (same); *True Capital Management, LLC v. U.S. Department of Homeland Security*, No. 13-261 JSC, 2013 WL 3157904, at *1 (N.D. Cal. June 20, 2013) (same). Because USCIS exercised its lawful authority to reopen and reconsider its 2014 decision as to Alijah, Count I which challenges only the 2014 determination, must be dismissed.[2]

Similarly, the Court lacks jurisdiction to review Counts II and IV of Ahlijah's Amended Complaint. Count II requests the Court "terminate removal proceedings with prejudice based on regulatory violations and the lack of clear and convincing evidence of Plaintiff's removability." ECF No. 5 at 7. Count IV of the Amended Complaint alleges due process violations during removal proceedings. ECF No. 5 at 12.

Because Alijah's removal proceedings are ongoing in Immigration Court, Alijah has not yet been subject to a final decision as to deportation or removal. Further, if the Immigration Court orders Ahlijah's removal, he may then challenge the decision by appealing directly to the

---

[2] The Court notes that Ahlijah would be well-within his rights to file a similar claim challenging the January 31, 2018, USCIS decision—which Defendants concede is the agency's final action—should he choose to do so.

United States Court of Appeals for the Fourth Circuit.  *See* 8 C.F.R. § 1003.38; 8 U.S.C. § 1252(b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."); 8 U.S.C. § 1252(g) ("No court shall have jurisdiction to hear any cause of claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").  Because appeal to the Fourth Circuit is the exclusive vehicle by which Alijah may challenge an Immigration Court's removal decision, this Court must dismiss Counts II and IV.

### B. Count III

In Count III, Alijah avers that the USCIS Philadelphia Field Office Director erred in denying Ahlijah's request for a status adjustment.  ECF No. 5 at 10.  While the APA allows this Court discretion to review final agency actions, the INA "specifically closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status."  *Lee v. USCIS*, 592 F. 3d 612, 619 (4th Cir. 2010); *see also* 8 U.S.C. 1252(a)(2)(B)(i).

Ahlijah attempts to circumvent this legal impediment to his claim by contending that he is challenging not the status adjustment, but rather USCIS' original eligibility determination.  *See* ECF No. 28 at 23.  The United States Court of Appeals for the Fourth Circuit has rejected this very position in *Lee v. USCIS*, 592 F.3d at 619–621.  In *Lee*, the plaintiff argued the availability of review because the USCIS' erred in its initial eligibility determination.  *Id*.  The Fourth Circuit noted that even though the plaintiff had "carefully worded to avoid expressly challenging the denial of his application for adjustment of status," Lee was "clearly seek[ing]" a challenge of the status adjustment decision.  *Id.* at 620.  The Court further reasoned that because the adjustment

6

denial could not be uncoupled from the eligibility determination, the Court was prohibited from reviewing the USCIS' determination. *Id.*

The same is true here. While Ahlijah artfully challenges only the eligibility determination, it is effectively an attack on the denial of his status adjustment. *See, e.g.* ECF No. 28 at 23–24 (titling the sub-sections "[a]djustment of status of nonimmigrant to that of person admitted for permanent residence" and "Defendant abused its discretion in determining Mr. Ahlijah was inadmissible for Adjustment of Status Form I-485"). Moreover, as in *Lee*, Ahlijah's eligibility determination is the basis for his status adjustment denial. Thus, for the same reasons articulated in *Lee*, this Court lacks jurisdiction to review these claims. *See Lee*, 592 F.3d at 620; *accord Adelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *El-Khader v. Monica*, 366 F.3d 562, 567–68 (7th Cir. 2004).

Finally, Ahlijah argues that barring his challenge to the USCIS' denial of adjustment violates his Fifth Amendment due process rights. ECF No. 28 at 23. However, Alijah still retains the right to appeal this USCIS determination. He must do so, however, as "a legal challenge to a USCIS denial of adjustment of status," and "via petition for review in the court of appeals, not in district court." *Lee*, 592 F. 3d at 618; *see also* 8 U.S.C. § 1252(a)(2)(B)–(D); *Hamilton v. Gonzales*, 485 F.3d 564, 567 n.5 (10th Cir. 2007). Count III is DISMISSED.

**IV. CONCLUSION**

For the reasons stated in this Memorandum Opinion, it is this 10th day of July, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction BE, and the same hereby IS, GRANTED;

7

2. The Amended Complaint filed by Plaintiff JEREMY AHLIJAH, ECF No. 5, BE, and the same hereby IS, DISMISSED;

3. Plaintiff JEREMY AHLIJAH's motion to appoint counsel, ECF No. 24, is DENIED as moot;

4. The Clerk is directed to transmit copies of this this Memorandum Opinion and Order to the parties and to CLOSE this case.

7/10/2018
Date

/s/
Paula Xinis
United States District Judge